# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK CALVIN MATEER,<br><br>  Plaintiff,<br><br>  v.<br><br>LAWRENCE, et al.,<br><br>  Defendants.<br>_____/ | Case No. 1:15-cv-00441-LJO- DLB<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM<br><br>THIRTY-DAY OBJECTION DEADLINE |

Plaintiff Jack Calvin Mateer ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on February 13, 2015. He names Lauril Ferguson, Jane Lawrence, Ed O'Brien and John Sullivan, all Supervising Attorneys at the San Bernardino County Public Defender's Office, as Defendants.

**A.   SCREENING STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

1  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
2  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

3        A complaint must contain "a short and plain statement of the claim showing that the
4  pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not
5  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
6  conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing
7  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual
8  matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550
9  U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

10        Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or
11  other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d
12  1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006);
13  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions
14  or omissions of each named defendant to a violation of his rights; there is no respondeat superior
15  liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609
16  F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir.
17  2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a
18  plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962,
19  969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility
20  standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

21  **B.**     **ALLEGATIONS IN COMPLAINT**

22        Plaintiff is a civil detainee currently housed at the Glen Helen Rehabilitation Center. His
23  complaint alleges that he is committed pursuant to the California Sexually Violent Predator Act
24  ("SVPA"). Cal. Wel. & Inst. Code section 6600, et seq.

25        Plaintiff is "seeking to prevent the prospect of his being subject to future irrational mental
26  health assessments" conducted by the Department of State Hospitals pursuant to section 6600, et
27  seq. ECF No. 1, at 1. Plaintiff contends that he may be subject to these assessments because of
28

Defendants' failure to adequately train and supervise Plaintiff's attorney "to effectively challenge such irrational assessments." ECF No. 1, at 1.

By way of background, Plaintiff explains that he was appointed counsel from the San Bernardino County Public Defender's Office to represent him in his SVPA civil commitment proceedings. Plaintiff alleges that in 2006, "pursuant to the advice of the attorney supervised by Defendants," he entered Coalinga State Hospital. ECF No. 1, at 2.

Plaintiff contends that the mental health assessments violate the Due Process and Equal Protection Clause. He seeks an injunction to prevent the prospect of him being subjected to future assessments of (1) his current mental condition; and (2) his current volitional control conducted by the Department of State Hospitals' staff.

**C.    DISCUSSION**

    1.    Under Color of State Law

Plaintiff is not able to proceed under section 1983 against the Supervising Deputy Attorneys. Public defenders are private individuals for purposes of section 1983 and therefore do not act under color of state law. See Polk County v. Dodson, 454 U.S. 312, 325 (1981) (holding that public defenders performing traditional functions of representation do not act under color of state law for purposes of civil rights actions); Miranda v. Clark County, Nevada, 319 F.3d 465, 468 (9th Cir. 2003).

To the extent Plaintiff alleges legal malpractice, this is a state-law claim for which "there exists no independent basis of federal jurisdiction." See Aragon v. Federated Dept. Stores, Inc., 750 F.2d 1447, 1457-58 (9th Cir.1985) (finding no jurisdiction over state law malpractice claim action against law firm for mishandling of labor grievance).

Therefore, Plaintiff cannot state a claim against either the Public Defender who represented him, or the Supervising Deputies.

    2.    SVPA Assessment

Plaintiff's allegations attack the assessment methodology under which he is civilly detained, but this is similarly barred. See Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1141 (9th Cir. 2005) (concluding that challenge to SVPA assessments would imply invalidity of civil

commitment and therefore could only be brought in habeas corpus).

To the extent his claims are based on the use of the assessments in his civil commitment proceedings, they present a direct challenge to the validity of his confinement, and may not be brought in this action. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005).

**D.** **RECOMMENDATION**

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's complaint be DISMISSED without leave to amend for failure to state a claim for which relief may be granted. The Court also recommends that Plaintiff's pending "Letter to Have Seized Civil Rights Complaint(s) Returned to Plaintiff" (Document 13) be DENIED AS MOOT.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within 30 days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir.1991)).

IT IS SO ORDERED.

Dated:   **June 4, 2015**                         /s/ Dennis L. Beck
                                            UNITED STATES MAGISTRATE JUDGE